United States District Court
Southern District of Texas
**ENTERED**
December 05, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRADEQUIP SERVICES AND MARINE, INC., | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-02446 |
| | § § | |
| ANASTASIA MAZZONE, | § § | |
| Defendant. | § | |

## OPINION AND ORDER

Presently before the Court is Defendant Anastasia Maria Mazzone Macias's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 11). For the reasons set forth below, the Court hereby ORDERS that Defendant's motion is GRANTED.

I. Background and Relevant Facts

On March 9, 2017, Plaintiff Tradequip Services and Marine, Inc. ("Tradequip") initiated suit in the 281st Judicial District Court of Harris County, Texas (Cause No. 2017-16659) alleging claims for breach of contract, money had and received, conversion, and unjust enrichment against Defendant Anastasia Maria Mazzone Macias ("Mazzone"). Defendant Mazzone subsequently removed the action to this Court on August 9, 2017 (Doc. 1) and filed a motion to dismiss for lack of personal jurisdiction on August 15, 2017 (Doc. 4). Plaintiff filed an amended complaint on September 5, 2017 (Doc. 7), and Defendant filed a motion to dismiss the amended complaint on September 22, 2017 (Doc. 11).

Tradequip is a Texas corporation with its principal place of business in Houston, Texas. Ms. Mazzone is an individual residing in Florida. According to Plaintiff's First Amended Complaint, in late 2011, Ms. Mazzone's then-husband, Wilmer Ruperti, called Tradequip's then-

president, Roberto Rincon, in Texas to solicit a $1,000,000 interest-free loan. Doc. 7 at 2. According to Mr. Rincon's declaration, Mr. Ruperti claimed he was soliciting the loan on Ms. Mazzone's behalf. Mr. Ruperti told Mr. Rincon that Ms. Mazzone needed the loan to fufill some payment commitments for her new apartment in Miami and that Ms. Mazzone would be responsible for repaying the loan, which would be due on demand by Tradequip. Doc. 7-1 at 1. Mr. Rincon, on behalf of Tradequip, agreed to make the loan. Doc. 7 at 2. Tradequip wired $1,000,000 to Ms. Mazzone's bank account in Florida on December 1, 2011. *Id.* Plaintiff does not allege that it had any communication with Ms. Mazzone, but rather argues in its response to Plaintiff's motion to dismiss that Mr. Ruperti was acting as Ms. Mazzone's agent in soliciting the loan from Tradequip. Doc. 12 at 4.

II.     Applicable Law

"A federal district court sitting in diversity may exercise jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). The Fifth Circuit has found that the Texas long-arm statute is "coextensive with the federal constitutional limits of due process and normally generates an inquiry limited to the scope of the Fourteenth Amendment's Due Process Clause." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008) (citing *Religious Tech. Ctr. V. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003)).

In determining whether a federal district court may exercise personal jurisdiction over a nonresident defendant, the court concentrates on whether the defendant has "minimum contacts" with the forum state so as not to offend "traditional notions of fair play and substantial justice."

*International Shoe v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts may be established through specific personal jurisdiction or general personal jurisdiction. If a cause of action arises out of a defendant's purposeful contacts with the forum state, minimum contacts are established, and the court may exercise specific personal jurisdiction. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). "Even a single, substantial act directed toward the forum can support specific jurisdiction." *Dalton*, 897 F.2d at 1361 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). There must, however, be some act by which the nonresident defendant "purposefully availed himself of the benefits and protections of the forum state's laws, so as reasonably to anticipate being haled into court there." *Dalton*, 897 F.2d at 1361 n. 1 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

In deciding whether to exercise specific jurisdiction over a nonresident defendant, the Court must find that (1) the defendant purposefully directed his activities toward the forum state; (2) the cause of action arises out of or results from those contacts; and (3) the exercise of personal jurisdiction comports with fair play and substantial justice. *Burger King Corp.*, 471 U.S. at 463.

The plaintiff has the burden of making a *prima facie* showing that the court indeed has personal jurisdiction over a nonresident defendant. *Revell*, 317 F.3d at 469. In deciding whether it has personal jurisdiction, the Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). Additionally, the court "must accept the plaintiff's 'uncontroverted allegations, and resolve in [his] favor all conflicts between the facts

contained in the parties' affidavits and other documentation.'" *Revell*, 317 F.3d at 469 (citing *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)).

Under agency principles, an agent's contacts can be imputed to its principal for purposes of examining personal jurisdiction. *Coleman v. Klockner & Co. AG*, 180 S.W. 3d 577, 588 (Tex. App.--Houston [14th Dist.] 2005), *citing Walker Ins. Servs. v. Bottle Rock Power Corp.*, 108 S.W. 3d 538, 549 n.4 (Tex. App.--Houston [14th Dist.] 2003, no pet.). "An agent is one who is authorized by a person or entity to transact business or manage some affair for the person or entity." *Coleman*, 180 S.W. 3d at 588. The key element of an agency relationship is the principal's right to control the means and details of the process by which the agent is to accomplish his task. *Id*. Whether an agency relationship exists is usually a question of law. *Id.* at 587. Agency is not presumed; the party asserting an agency relationship bears the burden of proving it. *Id.* at 588; *Norton v. Marin*, 703 S.W. 2d 267, 272 (Tex. App.--San Antonio 1985). An agency relationship can be established from underlying facts or direct and circumstantial evidence demonstrating the relationship of the parties. *Coleman*, 189 S.W. 3d at 588. Under Texas law, mere declarations of an alleged agent, by themselves, are insufficient to establish either the existence of an agency relationship or the scope of the alleged agent's authority. *Walker Ins. Servs.*, 103 S.W. 3d at 550, *citing Durand v. Moore*, 879 S.W. 2d 196, 202-03 (Tex. App.--Houston [14th Dist.] 1994, no writ).

A principal is liable for the acts of its agent only when the agent has actual or apparent authority to perform those acts or when the principal ratifies the agent's conduct. *Expro Americas, LLC v. Sanguine Gas Exploration, LLC*, 352 S.W. 3d 915, 920-21 (Tex. App.--Houston [14th Dist.] 2011). An agent has actual authority to act for his principal when (1) the principal intentionally confers the responsibility on an agent, (2) the principal intentionally

allows the agent to believe he possesses that authority, or (3) by want of due care the principal allows the agent to believe he possesses it. To determine if an agent has actual authority, the court examines the principal's words and conduct relative to the agent. *Id.* at 921. Actual authority is express when the words of the principal expressly and directly authorize the agent to do an act or series of acts on behalf of the principal. *Id.* Authority is implied for an agent to do whatever is necessary and proper to carry out the agent's express authority. *Id.* If an agent does not have express authority, he cannot have implied authority. *Id.*[1]

III. Analysis

The parties agree that Ms. Mazzone is not subject to general personal jurisdiction in Texas. Doc. 8 at 2. Therefore, the Court will only consider whether specific personal jurisdiction exists. In the present case, Plaintiff has failed to provide the Court with any evidence that demonstrates that Defendant herself has sufficient minimum contacts with Texas. Ms. Mazzone had no personal contacts or communications with Plaintiff regarding the solicitation or negotiation of the loan, nor did she purposely avail herself of the privileges of conducting activities in Texas. In spite of Ms. Mazzone's lack of contact with the forum state, Plaintiff argues that Ms. Mazzone's then-husband, Mr. Ruperti, acted as Ms. Mazzone's agent in soliciting and negotiating the loan in Texas. Doc. 12 at 11.

While Texas law allows an agent's contacts to be imputed to his principal for purposes of

---

[1] "Apparent authority is the power of an agent to affect the legal relations of the principal by transactions with a third party." *Id.* at 924, *citing Ames v. Great S. Bank*, 672 S.W. 2d 447, 450 (Tex. 1984). "An agent acting within the scope of his apparent authority binds the principal as if the principal itself had taken the action." *Id., citing id.* In contrast to actual authority, apparent authority is grounded in estoppel: only the conduct of the principal in leading a third party to believe the agent has authority may be considered by the court. *Id., citing Gaines v. Kelly*, 235 S.W. 3d 179, 182 (Tex. 2007). The principal must have full knowledge of all material facts to establish a claim of apparent authority. *Gaines*, 235 S.W. 3d at 182. Only the conduct of the principal is relevant. *Id.; see also Zarazana v. Ashley*, 218 S.W. 3d 152, 161 (Tex. App.-Houston [14th Dist.] 2007, no pet.)("[A]ny of the agent's representations are wholly irrelevant in determining apparent authority."). With apparent authority, too, claims of an agent that it has authority, without more, do not establish the existence nor the scope of alleged authority. *Id., citing id.* To determine whether an agent has apparent authority the court examines "acts of participation, knowledge or acquiescence by the principal." *Id., citing Ins. Co. of N. America v. Morris*, 981 S.W. 2d 667, 672 (Tex. 1998). Apparent authority arises from either (1) the principal knowingly allowing an agent to hold himself out has having authority or (2) the absence of ordinary care by the principal to provide an agent with the indicia of authority so that a reasonably prudent person would believe the agent actually has the authority he claims. *Id., citing Gaines*, 235 S.W. 3d at 182.

examining personal jurisdiction, the burden is on the plaintiff to make a *prima facie* showing that an agency relationship existed; Agency is not presumed. *Coleman,* 180 S.W. 3d at 588. The Court finds that Tradequip has not met this burden and therefore has failed to present a *prima facie* case of personal jurisdiction.

To show that Mr. Ruperti was acting as Ms. Mazzone's agent, Plaintiff relies only on statements made by Mr. Ruperti to Mr. Rincon about the nature of the agency relationship between Mr. Ruperti and Ms. Mazzone. However, declarations of an alleged agent by themselves are insufficient to establish the existence of an agency relationship. *Walker Ins. Servs.,* 108 S.W. 3d at 550. No other evidence has been offered by Plaintiff to show that an agency relationship existed between Ms. Mazzone and Mr. Ruperti.

Exercising personal jurisdiction over Ms. Mazzone in this case would be contrary to the traditional notions of fair play and substantial justice. Plaintiff has failed to make a *prima facie* showing that there are, in fact, minimum contacts between Ms. Mazzone and the State of Texas. As such, it would be improper for this Court to exercise jurisdiction over Defendant Mazzone.

IV.     Conclusion

Accordingly, the Court hereby ORDERS that Defendant Mazzone's Motion to Dismiss for lack of personal jurisdiction (Doc. 11) is GRANTED.

SIGNED at Houston, Texas, this 4th day of December, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE